UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 3:10-CR-65 |
| | ) | (VARLAN/GUYTON) |
| JOSE DE LA LUZ FELIX-MACIEL, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

This criminal action is before the Court on the Report and Recommendation (the "R&R") [Doc. 58], issued by United States Magistrate Judge H. Bruce Guyton. The defendant, Jose de la Luz Felix-Maciel, is charged in an indictment with illegal reentry into the United States in violation of 8 U.S.C. § 1326(a) and (b) [Doc. 1]. The defendant filed a motion to dismiss the indictment [Doc. 38], along with supporting documents, exhibits, and an affidavit [Docs. 39, 40], asserting that his prior deportation proceeding deprived him of due process and was fundamentally unfair. The United States filed a response in opposition [Doc. 46], and the parties appeared before Magistrate Judge Guyton for a hearing. At the conclusion of that hearing, counsel for the defendant requested the opportunity to file a post-hearing brief, and the government requested time to respond. Judge Guyton granted the parties' requests and, following the hearing, the defendant filed a supplemental brief [Doc. 53], to which the government filed a response [Doc. 54]. Thereafter, Magistrate Judge Guyton took the defendant's motion, the evidence, and the parties' arguments under

advisement and subsequently issued the R&R rejecting the defendant's arguments and recommending that the defendant's motion to dismiss indictment be denied [Doc. 58, p. 16]. The defendant filed objections to the R&R [Doc. 59], to which the government has filed a response [Doc. 60], stating that the defendant's objections should be overruled and the R&R accepted in whole.

The matter is now before the Court on the defendant's objections to the R&R.

## I. Standard of Review

As required by 28 U.S.C. § 636(b)(1) and Rule 59(b) of the Federal Rules of Criminal Procedure, the Court has undertaken a *de novo* review of those portions of the R&R to which the defendant has objected. In doing so, the Court has carefully considered Magistrate Judge Guyton's R&R [Doc. 58], the underlying and supporting briefs, and the parties' briefs on the pending objections, all in light of the relevant law. For the reasons set forth herein, the Court will overrule the defendant's objections, accept in whole the R&R, and deny the defendant's motion to dismiss the indictment [Doc. 38].

## II. Analysis

### A. The Positions of the Parties

The defendant argues that the indictment against him should be dismissed because the government cannot show that he has a lawful prior deportation. The defendant argues that he was deprived of due process at his June 3, 1986 deportation hearing (the "initial deportation hearing") because the Immigration Judge (the "IJ") did not advise him of his right to appeal and he was therefore unable to make a knowing and voluntary waiver of this

right. Consequently, the defendant contends that his deportation hearing was fundamentally unfair. The defendant argues that had he known of his right to appeal, he would have done so and would have obtained a favorable result on a direct appeal because one of his underlying convictions was not a crime of moral turpitude. The government responds that the defendant cannot meet the statutory requirements for pursuing a collateral attack on the deportation order (the "1986 deportation order") entered following the initial deportation hearing, and that the defendant's collateral attack is untimely.

In the R&R, Magistrate Judge Guyton found that the defendant could not meet the three statutory requirements for a collateral challenge to the 1986 deportation order and recommended that the defendant's motion to dismiss the indictment be denied. *See* 8 U.S.C. § 1326(d) (giving the three requirements for a collateral attack on a deportation order).[1] The magistrate judge also found that the defendant's collateral attack was untimely. In his objections, the defendant does not object to Magistrate Judge Guyton's summation of the law outlining the three requirements a defendant must meet in order to bring a collateral attack, specifically, that (1) the defendant exhaust all available administrative remedies to seek relief against a deportation order; (2) that the deportation proceedings be found to have denied the defendant the opportunity for judicial review; and (3) that the entry of the deportation order was fundamentally unfair. 8 U.S.C. § 1326(d). The defendant objects, however, to the

---

[1] Because Judge Guyton found that the defendant had not met the three requirements necessary to mount a collateral attack, the magistrate judge did not reach the substantive question of whether one of the defendant's underlying convictions was a crime of moral turpitude. Because the Court finds Judge Guyton's conclusions regarding these three requirements to be correct, the Court also does not reach this question.

3

magistrate judge's findings in regard to whether the defendant met those three requirements, arguing that he has satisfied all three. The defendant also objects to Judge Guyton's conclusion regarding the timeliness of the defendant's collateral attack.

### B. Section 1326(d) Requirements

In considering the three § 1326(d) requirements, Magistrate Judge Guyton analyzed the following evidence and documentation from the defendant's May 27, 1986 show cause hearing (the "show cause hearing"), held prior to the defendant's initial deportation hearing, and the evidence and documentation from the initial deportation hearing itself: minutes from the show cause hearing which indicate that the IJ confirmed that the defendant had a copy of the show cause order and a copy of the form advising the defendant of his right to appeal; the statement by the IJ from the show cause hearing in which the IJ notes that the defendant "indicated a full understanding of all his rights and of the above instructions" [Doc. 39, pp. 4]; a handwritten note from the defendant to the IJ written prior to the initial deportation hearing which states that the defendant would like to be deported as soon as possible [*Id.*]; the trial attorney's notes from the initial deportation hearing which state that the defendant appeared *pro se*, conceded deportability, and that both sides waived any appeal [Doc. 39, p. 5; Doc. 46]; the 1986 deportation order in which the IJ directed that the defendant be deported to Mexico and contains the statement "Appeal Waived" [Doc. 39]; an affidavit given by the defendant in March 2011 in which he states he does not recall whether the IJ advised him of his right to appeal the 1986 deportation order, that the defendant did not make a knowing or voluntary waiver of his right to appeal at the initial deportation hearing, and

4

that the defendant would have exercised his right to appeal had he been advised he could do so [Doc. 40].

After considering the above evidence and documentation, Magistrate Judge Guyton concluded that the defendant was advised of his right to appeal the 1986 deportation order, that the defendant understood this right, and that the defendant's waiver of his right to appeal was knowing and voluntary. As support for his conclusion, the magistrate judge noted that the minutes from the show cause hearing indicate that the defendant was provided with a form describing his right to appeal and that the defendant indicated a "full understanding" of all his rights. The magistrate judge found additional support for the defendant's knowing and voluntary waiver of his right to appeal in the trial attorney's notes from the deportation hearing. These notes state that appeal was waived by both sides. Last, the magistrate judge noted the "Appeal Waived" statement in the 1986 deportation order. Given this evidence and documentation, Judge Guyton concluded that the defendant did not exhaust all administrative remedies available to him to directly challenge the 1986 deportation order and that the defendant had been provided with the opportunity for judicial review. Because the magistrate judge found that the defect alleged by the defendant—that he was not advised of his right to appeal—did not occur, the magistrate judge found no procedural defect in the deportation proceedings and concluded that the defendant could not show that the entry of the 1986 deportation order was fundamentally unfair.

The defendant argues that the magistrate judge did not address whether his right to appeal was adequately explained to him and whether he made a knowing and voluntary

5

waiver of that right. The defendant also asserts that, given the defendant's statements in the affidavit, the magistrate judge should not have based his conclusions on the other evidence and documentation, including the minutes from the show cause hearing, the trial attorney's notes, and the 1986 deportation order. The defendant also asserts that the magistrate judge should have limited his consideration to the "record of conviction," specifically, a transcript or recording of the initial deportation hearing. Last, the defendant objects to the magistrate's conclusion that there was no procedural defect in the deportation proceedings, to any use of the prior conviction that was not included in the show case order, and he argues that the R&R is in error because the magistrate judge did not consider the degree of prejudice necessary for a finding of fundamental unfairness[2] or any other specific issues of fundamental unfairness.

The Court will overrule the defendant's objections to Magistrate Judge Guyton's findings in regard to the three requirements of § 1326(d). The magistrate judge considered the available evidence and documentation from the show cause hearing and the deportation hearing, along with the defendant's statements in his affidavit, in determining whether the evidence of record indicated that the defendant was advised, understood, and knowingly and voluntarily waived his right to appeal. Judge Guyton noted specifically that the statements in the defendant's affidavit contradicted the other evidence of record, evidence which was

---

[2]Both the defendant, the government, and the R&R note that the U.S. Court of Appeals for the Sixth Circuit has not yet determined the degree of prejudice required to establish fundamental unfairness under § 1326(d) [Doc. 58, p. 58 n.4]. The R&R notes, however, that the majority of other federal circuit courts of appeals have required that a defendant show actual prejudice to some extent [*Id.* (giving cases)].

largely consistent in regard to the issue of whether the defendant was advised of his right to appeal, both at the show cause hearing and at the initial deportation hearing. Specifically, the magistrate judge referred to the defendant's acknowledgment at the show cause hearing of the appeal waiver form, the IJ's statements regarding the defendant's understanding of his rights and the defendant's waiver of his right to appeal, the notes by the trial attorney at the initial deportation hearing, and the 1986 deportation order. Contrary to the defendant's assertion, in addition to indicating that the defendant was advised of his right to appeal, this evidence also indicates that the defendant expressed his understanding of that right, and that he expressly waived it.

Furthermore, it is undisputed in this case that a transcript or record of the initial deportation hearing is unavailable. The defendant seems to argue that the Court cannot determine whether the defendant was advised, understood, or waived his rights due to the absence of such a transcript or other recording. The Court disagrees. Judge Guyton noted in the R&R that the mere unavailability of a transcript does not give rise to the presumption that the defendant was not advised of his rights [Doc. 58, p. 9 (quoting *Parke v. Raley*, 506 U.S. 20, 30 (1992))]. The defendant has cited no law indicating that the magistrate judge's consideration of the evidence that *is available*—the minutes from the show cause hearing, the trial attorney's notes from the initial deportation hearing, and the 1986 deportation order—was in error, especially given the lack of any showing of misconduct in the deportation proceedings as a whole and when the only contrary evidence consists of the

7

defendant's statements in his affidavit regarding the deportation proceedings, statements made more than twenty-five years after the hearing.

The magistrate judge also explicitly stated that he did not base his finding regarding fundamental unfairness on the defendant's conviction that was not included in the show cause order. Rather, Judge Guyton found that the defendant had not satisfied the fundamental unfairness factor because, given the evidence, the defendant had failed to show a procedural defect in the deportation proceedings. Accordingly, there was no need for the magistrate judge to address or resolve the degree of prejudice required to establish fundamental unfairness in a proceeding pursuant to § 1326(d).

Accordingly, and for the reasons given above, the defendant's objections to Judge Guyton's findings, conclusions, and recommendations regarding the three requirements of § 1326(d) are hereby **OVERRULED**.

### C. Timeliness of Collateral Attack

Alternatively, the magistrate judge found the untimeliness of the defendant's collateral attack on his 1986 deportation order to also be a bar to his claim. In making this determination, Judge Guyton noted the Sixth Circuit's holding in *Palma v. INS,* 318 F.2d 645, 650 (6th Cir.), *cert. denied*, 375 U.S. 958 (1963), that "twenty-five years is too long to wait to complain of procedural infirmities" in the course of denying a defendant's collateral attack of a deportation order. Judge Guyton noted that, in this case, the defendant has been deported four time since his initial deportation in 1986 and, since that time, has not sought any review of the 1986 deportation order.

8

The defendant objects to the magistrate judge's reliance on *Palma*, arguing that *Palma* was decided prior to *United States v. Mendoza-Lopez*, 481 U.S. 828, 838-39 (1987), in which the U.S. Supreme Court held that an alien may bring a collateral challenge to a deportation proceeding where the proceeding effectively eliminated the defendant's right to obtain judicial review, and the 1996 amendment to § 1326 that added subsection (d) which allows a defendant to make a collateral attack. The defendant argues that it would be a deprivation of due process for the Court to maintain the holding of *Palma* in light of *Mendoza-Lopez* and he asserts that in enacting the amendment to § 1326, Congress had the opportunity to place a time limitation on collateral attacks and chose not to do so.

The Court will overrule the defendant's objection to the magistrate judge's reliance on *Palma*. The defendant has cited no case calling into question *Palma* in light of *Mendoza-Lopez*, and no case indicating that *Palma*'s holding regarding the timeliness of asserting a procedural defect in a collateral attack is no longer good law. Moreover, the fact that Congress did not include a time limitation in the 1996 amendments to § 1326 does, by itself, imply that Congress therefore intended to allow collateral challenges to deportation proceedings under § 1326(d), regardless of when the defendant brings the challenge. Accordingly, the defendant's objection as to Magistrate Judge Guyton's finding that his claim is untimely is hereby **OVERRULED**.

## III. Conclusion

For the reasons set forth above, the Court **OVERRULES** the defendant's objections [Doc. 59] to the Report and Recommendation of Magistrate Judge Guyton and **ACCEPTS IN WHOLE** the Report and Recommendation [Doc. 58]. Accordingly, the defendant's motion to dismiss indictment [Doc. 38] is **DENIED.**

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE
